UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDETTE M. THOMAS,<br><br>      Plaintiff,<br><br>    -against-<br><br>CUSAJ D. THOMAS; EVANS C. ANYANWU,<br><br>      Defendants. | 25-CV-7755 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Newark, New Jersey, brings this *pro se* action under the court's diversity of citizenship jurisdiction seeking to stop the sale of her house, located in Newark, New Jersey. She sues Cusaj D. Thomas, an attorney in Massachusetts, and Evans C. Anyanwu, Plaintiff's attorney, who works—and possibly resides—in Newark, New Jersey. Plaintiff also has filed a motion for preliminary injunctive relief. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action against two attorneys regarding the sale of her house, which she seeks to challenge. Plaintiff alleges that one of the defendants resides in Massachusetts, and the second defendant works in New Jersey, where Plaintiff's home is located. Because Plaintiff alleges no facts suggesting that both Defendants reside in this District, or that the events giving rise to her claims occurred in this District, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper in the District of New Jersey where the subject property is located. Accordingly, venue lies in the District of New Jersey, *see* 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Because Plaintiff seeks preliminary injunctive relief, the Court directs the Clerk of Court to disregard the seven-day waiting period in which to effectuate the transfer of this action, as articulated in Local Civil Rule 83.1, and to effectuate the transfer of this action immediately.

---

[1] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

A decision regarding Plaintiff's motion for preliminary injunctive relief is left to the transferee court. A summons shall not issue from this court. This order closes this case in this court. The Clerk of Court is directing to terminate all pending motions.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 19, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                          Chief United States District Judge